## APPEAL BY A CO-EXECUTOR.

[Circuit Court of Trumbull County.]

HENRY C. DOWNING, EXECUTOR, v. WILLIAM DOWNING ET AL.

Decided, February Term, 1902.

*Appeal—Undertaking for must be Given by a Co-executor—Transcript from Probate Court Must be Filed—Statute Governing such an Appeal.*

1. Where an executor, who is also a devisee under the will, desires to appeal from the finding and judgment of the probate court upon the allowance of a personal claim of his co-executor, the filing of a written notice of his intention to appeal is not sufficient, but he must execute an undertaking.

2. A transcript on appeal from the probate court must be filed in the common pleas by the party appealing, on or before the second day of the term of that court next after the undertaking or notice of intention to appeal is given; the filing within this time is mandatory.

3. In a proceeding for the allowance of a claim of an executor against the estate of the decedent, a co-executor is not a necessary party. The appeal from such an allowance is under Section 6101.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Heard on error.

Henry C. Downing, plaintiff in error, and William Downing, one of the defendants in error, were co-executors of the last will and testament of Isabell C. Downing, deceased. William Downing had a claim against his testatrix for services rendered for her previous to her death. He presented his claim to the probate court for allowance, under Section 6100, Revised Statutes. The court fixed a day for the hearing upon said claim and issued an order to said William Downing, requiring him to give notice in writing to all heirs, legatees and devisees interested in said estate and also to the creditors named in said order as required by said section. Henry C. Downing was a legatee under said will, and he, among other parties, was notified in writing by said William Downing of the presentation of his claim for allowance and of the time for hearing. Upon the hearing the claim was allowed in part by the probate court.

The finding and judgment of the probate court was made and entered on September 25, 1901, and on the same day Henry C. Downing as executor filed a written notice of appeal, setting forth in said notice that he was acting in a fiduciary capacity and was not required to give bond. This was his first appearance as executor. The probate court allowed the appeal without bond.

At the time of the making and entering of the findings and judgment by the probate court the term of the common pleas court had expired and the next term began September 30, 1901. The transcript of the docket and journal entries and the order and judgment appealed from was not filed with the clerk of the common pleas court until October 12, 1901. A motion was made in the common pleas court to dismiss the appeal, which was sustained, and the case is before this court upon error to reverse the judgment of the common pleas court dismissing the appeal.

The judgment of the common pleas court is sought to be sustained for two reasons:

First. That no bond was filed by appellant in the probate court and,

Second. That the transcript of the proceedings of the probate court was not filed in time.

It is claimed on the part of the plaintiff in error that he was not required to give bond for the reason that he was one of the executors and his appeal was in the interest of the estate.

In a proceeding for the allowance of a claim of an executor against the estate his co-executor under Section 6100, Revised Statutes, is not a necessary party. It is a proceeding between heirs, legatees, devisees and creditors, and the executor having the claim. The executor is the adversary party as against those interested in the distribution of the estate, and the fact that there is a co-executor does not alter the case under the statute. The co-executor would be presumed to be interested with and closely allied to his colleague.

It is true the last clause of the section says that: "Any other person having an interest in the estate may come in and be made a party thereto." This provision no doubt applies

to such other persons as are in the classes designated in the statute heirs, devisees, legatees and creditors.

However that may be, Henry C. Downing, plaintiff in error, as executor, never asked to be made a party to this proceeding. He was already in the proceeding, having a personal interest as devisee. He represented himself in his personal interest, and if he desired to appeal, he should have given an undertaking in the same manner as any other party having a personal interest.

Was the transcript from the probate court filed in time with the clerk of the common pleas court? No claim is made but what the filing of the transcript in the time provided by the statute is jurisdictional. Indeed, none could be made. It was the duty of the appellant and not the probate court to file the transcript and the provision of the statute is mandatory, Section 6409, Revised Statutes, says it "shall be filed with the clerk of the court of common pleas on or before the second day of the term of said court, next after an undertaking or notice is given."

The claim of counsel for plaintiff is that under Section 6408, Revised Statutes, he had twenty days after the finding and judgment of the probate court to give the bond or notice of appeal, and that the second day of the term of the common pleas court being within that time that he had until the second day of the succeeding January term to file the transcript.

We do not think the position of counsel is tenable. The words of the statute are specific and definite, admitting of no such construction, "Which shall be filed with the clerk of the court of common pleas on or before the second day of the term of said court next after an undertaking or notice is given." Not next after the expiration of the time at which the undertaking or notice might have been given.

Appellant, plaintiff in error, having seen fit to file his notice of intention to appeal upon the very day the finding and judgment of the probate court was made, to-wit, on September 15, he should have filed the transcript upon the second day of the term, to-wit, on October 1; and October 12 was too late even if

the notice had been sufficient without the giving of an undertaking which, as we have seen, it was not.

It is of no importance probably, but the appeal was not under Section 6408, but under Section 6101, Revised Statutes. The appeal provided for in Sections 6407 and 6408, Revised Statutes, are those cases not specially provided for. In the allowance or refusal to allow a claim of an executor or administrator the appeal is specially provided for by Section 6101, Revised Statutes, and the time for giving of the undertaking is twelve days, and not twenty days, as provided in Section 6408, Revised Statutes. The special provision must govern; Section 4956, Revised Statutes, so determines. The judgment of the common pleas court is affirmed at the costs of Henry C. Downing and the case remanded to the probate court for further proceedings.

*T. H. Gilmer,* for plaintiff in error.

*Gilbert & Christ,* for defendant in error.